UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORMA ALICE ROBLES,

      Plaintiff,

v.                                   Case No:   2:18-cv-280-FtM-29UAM

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

Plaintiff, Norma Alice Robles, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.**  **Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful

employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair

record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C.  Procedural History

Plaintiff filed an application for SSI on May 21, 2015, alleging that she became disabled on October 15, 2014. (Tr. 186-91). Plaintiff's application was denied initially on June 18, 2015, and upon reconsideration on August 28, 2015. (Tr. 107-09, 115-19). Plaintiff requested a hearing, and, on April 20, 2017, an administrative hearing was held before Administrative Law Judge Michael J. Kopicki ("the ALJ"). (Tr. 31-73). On May 31, 2017, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 15-25). Plaintiff requested review of the ALJ's decision, and, on February 21, 2018, the Appeals Council denied review of the ALJ's decision. (Tr. 1-6). Plaintiff initiated this action by Complaint (Doc. 1) on April 25, 2018.

### D.  Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 21, 2015, the application date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine and degenerative joint disease of the hips. (Tr. 17). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals

the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work defined in 20 CFR 416.967(b) except she can occasionally lift and/or carry twenty pounds and frequently lift and/or carry ten pounds. She can stand and/or walk for about six hours in an eight-hour workday with normal breaks. She can sit for about six hours in an eight-hour workday with normal breaks. She should no more than occasionally climb ramps and stairs; kneel; or crouch. She should avoid concentrated exposure to extreme heat, extreme cold, humidity, vibration, fumes, odors, dust, gases, poor ventilation, and hazards such as unprotected heights and dangerous machinery. She should no more than frequently handle and finger with her right upper extremity.

(Tr. 20). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work as a home housekeeper, farm laborer, and nursery laborer. (Tr. 23).

The ALJ found that Plaintiff was 52 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed. (Tr. 23).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (Tr. 24). Relying on the testimony of a vocational expert ("VE") the ALJ found that Plaintiff was capable of performing such jobs as hotel housekeeper, counter attendant, and mail sorter. (Tr. 25). The ALJ concluded that Plaintiff has not been under a disability since May 21, 2015, the date Plaintiff's application was filed. (Tr. 25).

**II.  Analysis**

Plaintiff raises a single issue on appeal: whether the ALJ erred by failing to acknowledge or discuss the "borderline age situation" in this case. (Doc. 24 p. 4). According to Plaintiff, because she was less than 6 months from changing from an individual "closely approaching advanced age"

to "advanced age" at the time of the ALJ's decision, the ALJ should have considered the borderline age situation. (Doc. 24 p. 4). Plaintiff argues that if the ALJ had not mechanically applied the Grids, but acknowledged Plaintiff's borderline age situation, the Grids would have directed a finding that Plaintiff was disabled. (Doc. 24 p. 4-8). Plaintiff contends that her limited education, difficulty understanding what she reads, and reliance on her daughter to complete paperwork and handle her finances are additional vocational adversities justifies the finding that Plaintiff is of "advanced age." (Doc. 24 p. 8).

In response, Defendant argues that the ALJ was not required to consider whether a borderline age situation existed because the ALJ did not rely on the Grids exclusively. (Doc. 24 p. 11). Further, Defendant argues that the ALJ was not required to specifically articulate the borderline age situation. (Doc. 24 p. 12). Finally, Defendant argues that even if there is a borderline age situation in this case, Plaintiff failed to establish the additional vocational adversities required for a change to a higher age category. (Doc. 24 p. 14).

An ALJ may not exclusively rely on the grids when the "'claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills.'" *Id.* (citations omitted). To make this finding, the ALJ considers a plaintiff's age to determine the extent to which age affects a plaintiff's ability to adjust to other work. 20 C.F.R. § 404.1563(a). Age generally means chronological age. 20 C.F.R. § 414.1563(a). A person under the age of 50 is classified as "younger'" a person aged 50 to 54 is classified as "closely approaching advanced age," and a person aged 55 or older is classified as "advanced age." 20 C.F.R. § 404.1563(c)-(e); 416.963(c)-(e).

The Eleventh Circuit "has proscribed the mechanical application of the Grids 'on the basis of a claimant's age, in order to establish conclusively a claimant's adaptability to a new work

environment'" *Huigens v. Soc. Sec. Admin., Comm'r*, 718 F. App'x 841, 846 (11th Cir. 2017) (citing *Walker v. Bowen*, 826 F.2d 996, 1002 (11th Cir. 1987) ). The regulations provide:

> We will not apply the age categories mechanically in a borderline situation. If you are within a *few days to a few months* of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 404.1563 (emphasis added).

In addition, if a plaintiff seeks the borderline age treatment, then the plaintiff must also show additional adversities, such as an additional impairment that infringes upon the plaintiff's occupational base, such as illiteracy in English, limited education, or a history of unskilled work in an isolated industry all of which justify the use of a higher age category. *Huigens*, 718 F. App'x at 846.

The Appeals Council's advisory interpretation of the applicable Regulations in the Hearing Appeals and Litigation Law Manual ("HALLEX") provides that ALJs are supposed to apply a two-part test to identify borderline age situations:

> To identify borderline age situations when making disability determinations, adjudicators will apply a two-part test:
>
> (1) Determine whether the claimant's age is within a few days or a few months of a higher age category.
>
> (2) If so, determine whether using the higher age category would result in a decision of "disabled" instead of "not disabled."
>
> If the answer to one or both is "no," a borderline age situation either does not exist or would not affect the outcome. The adjudicator will then use the claimant's chronological age.
>
> If the answer to both is "yes," a borderline age situation exists and the adjudicator must decide whether it is more appropriate to use the higher age or the claimant's chronological age. (Use of the higher age category is not automatic.)

HALLEX 11–5–3–2 (1993) (emphasis added). It is well established that although HALLEX interpretations do not carry the force of law, an ALJ's failure to follow HALLEX procedures may justify reversal if it results in prejudice to a claimant. *See Roark v. Comm'r of Soc. Sec.*, 2015 WL 1288140, at *5 (M.D. Fla. Mar. 20, 2015).

The first step in the analysis requires a determination as to whether the plaintiff's age is within a few days or a few months of a higher age category. 20 C.F.R. § 404.1563.  Here, Plaintiff was born on November 19, 1962, and was 54 years, 6 months, and 12 days old at the date of the decision. (Tr. 23-25).  Thus, Plaintiff was 5 months, 19 days from turning 55 years of age on the date of the ALJ's decision.

There is no bright line rule to determine how many months is considered "borderline." *Dubyna v. Colvin*, No. 8:13-CV-1966-T-TGW, 2014 WL 4660363, at *7 (M.D. Fla. Sept. 17, 2014). However, the predominant view is that six months from the next age category is the outer limit. *Id.* (citations omitted). Here, Plaintiff's age falls within 6 months of the higher age category. Because Plaintiff's age was within the 6 month outer limit, the first part of the two-part standard is satisfied.

The second step in the analysis is to determine whether using the higher age category would result in a decision of "disabled" instead of "not disabled."  In his decision, the ALJ found that Plaintiff was limited to a range of "light work," has a limited education and an inability to perform past relevant work. (Tr. 20; 23-24). In addition, the vocational expert testified that Plaintiff does not possess any transferable skills. (Tr. 67).  The ALJ used Grid Rule 202.11 as a framework in this case, which applies to claimants with these vocational factors who are closely approaching advanced age," and directs a finding of "not disabled." 20 C.F.R. § 404, Subpt. P, App. 2, 202.11. Consideration of these same factors and the age category of "advanced age," however, mandates

a finding of "disabled" on the basis of Grid Rule 202.02. 20 C.F.R. § 404, Subpt. P, App. 2, 202.02. Thus, the second part of the two-part test is satisfied and the Court finds that a borderline age situation was present in this case. Because the ALJ failed to even acknowledge the borderline age situation, the Court finds that the ALJ committed reversible error.

Defendant argues that the ALJ did not err because the regulations do not require an ALJ to articulate an analysis of the borderline age situation. The Court rejects this argument. While the United States Court of Appeals for the Eleventh Circuit has not decided whether ALJ's have a responsibility to identify borderline age situations where relevant and courts within the circuit disagree, the undersigned is more persuaded by those cases that do assign this responsibility to the ALJ. *See Roark v. Comm'r of Soc. Sec.*, 2015 WL 1288140, at *4 (M.D. Fla. Mar. 20, 2015) (citing *Crook; Sellers v. Astrue,* Case No. 1:07–cv–01131–VEH, 2008 U.S. Dist. LEXIS 123853 (N. D. Ala. Mar. 10, 2008); *see also Rogers v. Comm'r. Soc. Sec.,* No. 6:12–cv–1156–Orl–GJK, 2013 WL 5330452, at *4–5 (M. D. Fla. Sept.23, 2013) (Magistrate Judge Gregory Kelly determined that the "Appeals Council's order does not even acknowledge [the existence of a] borderline situation, much less discuss it ... Accordingly, this error warrants reversal for further proceedings.

Likewise, the Court rejects Defendant's argument that remand is inappropriate because the ALJ relied on VE testimony to determine that there were other jobs Plaintiff could perform. If the ALJ had conducted a borderline age situation analysis, the ALJ may have determined that Plaintiff is better categorized as "advanced age" and the Grids would have directed a finding that he was disabled. Thus, it would have been unnecessary to proceed to secure VE testimony.

Finally, the Court is unpersuaded by Defendant's argument that even if this is a borderline age situation case, any error by the ALJ was harmless because Plaintiff failed to establish additional vocational adversities. Given that the ALJ did not even acknowledge the borderline age

- 9 -

situation, the Court does not find it appropriate to address this issue for the first time upon review. Application of the correct age category by the ALJ is a finding of fact. *See Roark*, 2015 WL 1288140, at *4 (M.D. Fla. Mar. 20, 2015) citing *Eljack v. Astrue,* 2012 WL 2476405 (N.D. Ala. June 22, 2012).

On remand, the Appeals Council and/or ALJ shall provide Claimant an opportunity to be heard on this issue, and shall make an individualized determination of the age factor and expressly articulate their consideration of the Claimant's borderline situation.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully recommends that the decision of the Commissioner be **REVERSED AND REMANDED**.

Respectfully recommended in Chambers in Fort Myers, Florida on July 2, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule M.D. Fla. 6.02.

Copies furnished to:

Counsel of Record
Unrepresented Parties