UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORMA ALICIA ROBLES,

    Plaintiff,

v.   Case No: 2:18-cv-280-FtM-29NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on consideration of Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #26), filed on July 2, 2019, recommending that the Decision of the Commissioner be reversed and remanded. The Commissioner filed Objections (Doc. #28) on July 16, 2019, and plaintiff filed a Response (Doc. #29) on July 30, 2019.

### I. ALJ Decision

On May 21, 2015, Norma Alicia Robles (Robles) filed an application for supplemental security income alleging a disability onset date of October 15, 2014. (Doc. #17-2, Tr. 15.) At Step One, the Administrative Law Judge (ALJ) found that Robles had not engaged in substantial gainful activity since the date of the application of May 21, 2015. (Id., Tr. 17.) At Step Two, the ALJ found that Robles had degenerative disc disease of the lumbar spine and degenerative joint disease of the hips. The ALJ also noted a

history of a right wrist fracture, headaches, and high blood pressure, but found no relevant subsequent treatment for these impairments and thus no evidence of function limitations. (Id., Tr. 17-18.) The ALJ found that Robles' medically determinable mental impairment of depression did not cause more than a minimal limitation, and that it was non-severe. Under the four areas of mental functioning, the ALJ found only mild limitations with understanding, remembering, or applying information; with interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing herself. Thus, the medically determinable mental impairment was found to be non-severe. (Id., Tr. 18-19.)

The ALJ concluded that Robles did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. The ALJ found that Robles had the residual functional capacity to perform light work, except that she could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds. The ALJ further found that Robles could stand and/or walk for about six hours in an eight-hour workday with normal breaks. The ALJ found that Robles could sit for about six hours in an eight-hour workday with normal breaks. The ALJ noted that Robles should no more than occasionally climb ladders, ropes, and scaffolds; stoop; or crawl but that she could frequently climb ramps and stairs; kneel; or crouch. The

ALJ found that Robles should avoid concentrated exposure to extreme heat, extreme cold, humidity, vibration, fumes, odors, dust, gases, poor ventilation, and hazards such as unprotected heights and dangerous machinery. The ALJ found that Robles should no more than frequently handle and finger with her right upper extremity. (Id., Tr. 19-20.)

The ALJ found that Robles' statements concerning the intensity, persistence and limiting effects of the symptoms of her medically determinable impairments were not entirely consistent with the medical evidence or other evidence in the record. The ALJ found that the treatment records did not support greater function limitations beyond the reduced range of light work. The ALJ noted that the treatment records indicated only conservative treatment for back or hip pain. (Id., Tr. 21-22.)

The ALJ considered and gave substantial weight to the State agency medical consultant Sharmishtha Desai. The ALJ gave limited weight to the consultative examination in January 2015 by State agency medical consultant Esha M. Kibria, D.O. because it failed to give specific limitations of functions. (Id., Tr. 22.) State agency consultant Glenn Broga was given no weight because the physical assessment was made by a single decision maker, which is not a medically accepted source. (Id., Tr. 23.)

The ALJ found that Robles' allegations regarding her daily activities was not persuasive. The ALJ found that the described

activities suggested that Robles was capable of sustaining simple, unskilled work activities within the parameters set forth in the residual functional capacity. The ALJ found that Robles was not able to perform any past relevant work. The ALJ heard from a vocational expert and accepted the testimony as credible and consistent with the Dictionary of Occupational Titles. (Id.)

Robles was 52 years old at the time of the application and is defined as an "individual closely approaching advanced age." (Id.) Robles has a limited education and is able to communicate in English. In light of Robles' age, education, work experience, and residual functional capacity, the ALJ found there exist a significant number of jobs in the national economy that Robles could perform. 24.)

Robles argued that she should be found disabled because she is "closely approaching advance age and has a limited education." (Id., Tr. 24.) The ALJ disagreed having found that Robles had the residual functional capacity for light, not sedentary work. (Id.) The vocational expert testified that Robles would be able to do one of three jobs with light exertional work: hotel housekeeper, counter attendant, or mail sorter. The ALJ concluded that Robles was not disabled. (Id., Tr. 25.)

## II. Report and Recommendation

The Magistrate Judge considered only one issue on appeal: Whether the ALJ erred by failing to acknowledge or discuss the

'borderline age situation' in the case. (Doc. #26, p. 5.) The Magistrate Judge noted that an ALJ may not exclusively rely on grids when a claimant is unable to perform a full range of work, of if limited basic work skills. The Magistrate Judge considered a two-part test noting that plaintiff was within a few days or a few months of a higher age category as she was 54 years, 6 months, and 12 days old at the date of the decision. Applying the same factors under Grid Rule 202.11 to one of 'advanced age', the Magistrate Judge found that this would mandate a finding of disabled. Because the ALJ failed to acknowledge the borderline age issue, the Magistrate Judge found reversible error. The Magistrate Judge acknowledged that the Eleventh Circuit has not decided whether the ALJ has a responsibility to identify borderline age situation, but the Magistrate Judge was more persuaded by cases assigning responsibility. Being unpersuaded by the other arguments, the Magistrate Judge found remand to be heard on the issue was appropriate.

### III. Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004)(citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1358 (11th Cir. 2018); Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005)(citing Crawford, 363 F.3d at 1158-59). Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)). The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Ingram v.

Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007)(citing Martin, 894 F.2d at 1529).

## IV. Objections

The Commissioner objects that the Report and Recommendation should be rejected and the Commissioner's Decision affirmed. The Commissioner argues that the Court should consider whether Robles proffered evidence of additional vocational adversities justifying use of the higher age category because the failure to do so makes any error harmless. In response, Robles indicates that she "never argued that a claimant is automatically entitled to relief under the borderline age rule simply because [s]he is close to an older age category; in fact, Plaintiff's opening brief proactively addressed the issue of vocational adversities." (Doc. #29, p. 2.)

> "Age" means your chronological age. When we decide whether you are disabled under § 416.920(g)(1), we will consider your chronological age in combination with your residual functional capacity, education, and work experience. We will not consider your ability to adjust to other work on the basis of your age alone. In determining the extent to which age affects a person's ability to adjust to other work, we consider advancing age to be an increasingly limiting factor in the person's ability to make such an adjustment
>
> . . . .
>
> (b). . . We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a

> determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.
>
> (d) Person closely approaching advanced age. If you are closely approaching advanced age (age 50–54), we will consider that your age along with a severe impairment(s) and limited work experience may seriously affect your ability to adjust to other work.
>
> (e) Person of advanced age. We consider that at advanced age (age 55 or older), age significantly affects a person's ability to adjust to other work. We have special rules for persons of advanced age and for persons in this category who are closely approaching retirement age (age 60 or older). See § 416.968(d)(4).

20 C.F.R. § 416.963(a), (b), (d), (e). See also 20 C.F.R. § 404.1563. The Eleventh Circuit "has stated that the factors already relied upon to determine the claimant's RFC are insufficient to show additional adversities creating a lesser ability to adapt." Huigens v. Soc. Sec. Admin., Comm'r, 718 F. App'x 841, 847 (11th Cir. 2017) (citation omitted). The record reflects that the ALJ asked a vocational expert whether jobs existed in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. (Doc. #17-2, Tr. 24.) This was after acknowledging Robles' argument that she closely approaching advanced age with a limited education. (Id.) Before the

- 8 -

Magistrate Judge, Robles made the argument that the record before the ALJ reflected additional adversities:

> In this case, Plaintiff testified that she only completed the 8th or 9th grade, and the ALJ found that she has a limited education. Tr. 37; 24. She has difficulty understanding what she reads; she relies on her daughter to complete paperwork and to handle her finances. Tr. 42-43; 53-54.
>
> . . . .
>
> Thus, the record in this case *at least* fairly raises additional adversities based on the *ALJ's own findings* and the vocational testimony, and the ALJ was required to consider these since a borderline age situation existed.

(Doc. #24, pp. 8, 9.) The ALJ had found that Robles had a limited education, but also found that she read and completed the pain questionnaire and work history form and did not indicate that someone else filled them out for her. (doc. #17-2, Tr. 24.)

> If the claimant "makes a proffer of substantial evidence that an ALJ could find credible and tending to show that the claimant's ability to adapt to a new work environment is less than the level established under the grids for persons his age," the district court is required to remand the case to the Secretary for reconsideration of the age/ability to adapt issue. [ ] If, on the other hand, the claimant does not make such a proffer, the ALJ's mechanistic use of the age grids would be harmless error and there would be no need to remand to the Secretary.

Patterson v. Bowen, 799 F.2d 1455, 1458–59 (11th Cir. 1986). "Reeves held that before the Secretary may use the age factor as applied in the grids as evidence of the claimant's ability to adapt

to a new work environment, the claimant must be afforded an opportunity to proffer substantial credible evidence that his ability to adapt is less than the level established under the grids for persons of his age capable of his residual functional capacity." Hutchison v. Bowen, 787 F.2d 1461, 1465 (11th Cir. 1986) (citing Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)). In this case, the ALJ did not rely exclusively on the grids and used the testimony of a vocational expert but did not ask the vocational expert to consider the age factor. Miller v. Comm'r of Soc. Sec., 241 F. App'x 631, 635 (11th Cir. 2007). In this case, the Court is required to remand the case for reconsideration of the age factor. After an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #26) is **accepted and adopted** by the Court.

2. The Commissioner's Objections (Doc. #28) are **OVERRULED**.

3. The Decision of the Commissioner of Social Security is **reversed** and the matter is **remanded** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can make an individualized determination of the age factor and expressly articulate the consideration of

claimant's borderline situation. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of August, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Douglas. N. Frazier
U.S. Magistrate Judge

Counsel of Record